## HILDERBRAND AND AL. v. LINNINGER.

Where the jury found one of the defendants, guilty of an unlawful detainer, and the other not guilty, and the Justice gave judgment of restitution generally, and for costs against the defendant, who was found guilty, this court, on *certiorari* reverse the judgment.

This was a *certiorari* removing into this court, the judgment and proceedings in a case of unlawful detainer.

*W. Halsted*, for plaintiff in *certiorari*.

The opinion of the court was delivered by

HORNBLOWER, C. J.　The complaint filed with the Justice in this case, charges, that the defendants had been in possession of the premises in question, under the complainant, as his "tenants" for a year; and that having been such tenants, they held over, &c.　To this complaint the defendants jointly pleaded in writing, that they had been in quiet possession of the premises, three years; and that their estate therein, was not yet ended. Upon the trial of this issue, the jury found one of the defendants guilty of an unlawful detainer, and the other, not guilty; whereupon the Justice gave judgment of restitution generally, and for costs, against the defendant who was found guilty.

If the defendants had pleaded not guilty, the complainant, to maintain the issue on his part, must have proved the tenancy as laid; that is, he must have proved, that the defendants were joint tenants of the premises under him; unless he had done so, he must have failed: for in that case, one defendant could not have been found guilty, and the other not guilty.　*Snedecker* v. *Quick*. 7 *Halst*. 129.　So too, I apprehend, in this case.　It is true, the question of joint tenancy, was not in issue.　The defendants had admitted that they were such tenants, by pleading specially, the defence given them, by the statute.　*Rev. Laws*, 351, *Section* 10, to wit: that they had been three years in quiet possession, &c.　The *onus* was therefore on them; but then they either supported their plea, on the trial, or they did not.　If the defendants maintained their plea, then there ought to have been no verdict or judgment against *them*, or against *either* of them: and if on the other hand, the defendants failed to maintain the issue on their part, verdict and judgment should

have passed against both of them ; so that in either event, the judgment in this case, is erroneous. If the verdict of the jury was correct, it must have been on the ground that the defendant whom they found not guilty, had been three years in quiet possession, and his estate in the premises not yet ended. If so, that defendant was still entitled to retain the possession, and consequently the complainant could not have judgment and a writ of restitution.

The judgment and proceedings, in my opinion, were erroneous, and must be reversed.

FORD and RYERSON, Justices, concurred.

*Judgment reversed.*